Cite as 2015 Ark. App. 546

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–461

| | |
|---|---|
| CAROLINE ADAMS<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND E.F.,<br>A MINOR<br><br>APPELLEES | Opinion Delivered October 7, 2015<br><br>APPEAL FROM THE WASHINGTON<br>COUNTY CIRCUIT COURT<br>[NO. J-13-749]<br><br>HONORABLE STACEY<br>ZIMMERMAN, JUDGE<br><br><br>MOTION TO WITHDRAW<br>DENIED WITHOUT PREJUDICE;<br>REBRIEFING ORDERED |

## RAYMOND R. ABRAMSON, Judge

Caroline Adams appeals from the March 6, 2015 order of the Washington County Circuit Court terminating her parental rights to her two-year-old daughter, E.F.[1]  Adams's counsel has filed a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal and requesting to be relieved as counsel.  The motion is accompanied by an abstract and addendum of the lower court's proceedings and a brief which explains why none of the trial court's rulings present a meritorious ground for appeal.

---

[1] Bobby Frakes is the child's biological father, and his rights were also terminated on March 6, 2015; however, he is not a party to this appeal.

Cite as 2015 Ark. App. 546

The clerk of this court notified Adams that she had the right to file pro se points for reversal under Arkansas Supreme Court Rule 6-9(i)(3). Adams has filed pro se points, and the Arkansas Department of Human Services (DHS) has filed a response to her pro se points on appeal.

In the trial court's probable cause order entered January 3, 2014, there is an "X" marked next to the line "provide a copy of the petition, notice of the next scheduled hearing, and advice of rights under Indian Child Welfare Act by registered mail, return receipt requested, as required by ICWA to:" It is followed by a handwritten notation that reads "Choctaw Tribe (Mom) and Cherokee Tribe (Put Father)." However, there is nothing else in the record that clearly indicates whether the Indian Child Welfare Act was applicable in the instant case, and if so, whether its heightened scrutiny of termination cases was applied.

In her brief, Adams's counsel makes no reference to the higher standard that is required in these types of cases, or if the ICWA guidelines govern here. We therefore deny the motion to withdraw and order rebriefing to clarify this issue. Because counsel fails to adequately explain if ICWA is applicable in the instant case, we must require counsel to rebrief this appeal. We do not direct that the substituted brief be on a merit or no-merit basis, but rather leave that to counsel's professional judgment.

We deny counsel's motion to withdraw and order rebriefing. Counsel shall have fifteen days from the date of this opinion to file a substituted brief. *See* Ark. Sup. Ct. R. 4-2(c)(2).

Motion to withdraw denied without prejudice; rebriefing ordered.

Cite as 2015 Ark. App. 546

HARRISON and BROWN, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

*Mischa K. Martin*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by:  *Keith L. Chrestman*, attorney ad litem for minor child.